UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCUS WHITAKER, | ) | 1:11-01252-LJO-JLT-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY  (Doc. 3) |
| v. | ) | |
| | ) | ORDER FOR PETITIONER TO FILE |
| WARDEN VIRGA, | ) | STATUS REPORTS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. | ) | TO ADMINISTRATIVELY CLOSE CASE |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On July 29, 2011, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California. (Doc. 1). The petition contained the following four grounds for relief: (1) The admission of prior instances of misconduct at trial violated Petitioner's right to due process; (2) the jury instruction regarding how the jury is to consider a common plan or scheme violated Petitioner's right to a fair trial; (3) instructing the jury with CALCRIM No. 207 was error; and (4) the conviction was obtained with the use of coerced confessions in violation of the federal constitution. (Doc. 1)

Petitioner has attached to his petition copies of the briefs submitted in his direct appeal. From those documents, it appears that only grounds one and two were presented to the California

Supreme Court and are therefore fully exhausted. Grounds three and four were only presented to the California Court of Appeal.

In the instant stay motion, filed concurrently with the petition, Petitioner seeks a stay in order to exhaust claims of ineffective assistance of trial counsel for failure to investigate and against his appellate counsel for failure to raise ineffective assistance of trial counsel. (Doc. 3). Petitioner also intends to exhaust ground four in the present petition. Petitioner does not indicate whether he intends to exhaust ground three.

**DISCUSSION**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 544 U.S. at 276-277.  In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances."  544 U.S. at 277.  Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay."  Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005).  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Rhines, 544 U.S. at 278.

In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 544 U.S. at 277-279.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Id.

Here, Petitioner has timely filed a federal habeas petition containing two exhausted claims and two other claims that appear to be unexhausted.  Specifically, grounds one and two appear to have been raised in the California Supreme Court in the petition for review.  However, grounds three and four appear only to have been raised in the California Court of Appeal and are therefore unexhausted.  Along with the petition, Petitioner promptly filed the instant motion for stay of proceedings to exhaust unexhausted claims and indicates that he wishes to exhaust several claims regarding ineffective assistance of trial and appellate counsel as well ground four in the instant petition. (Doc. 3).

Thus, it appears to the Court that Petitioner is attempting to exhaust his unexhausted claims in a timely and expeditious manner; there is no indication that, in seeking this stay and abeyance,

Petitioner intends to harass or delay the proceedings, nor does it appear that Petitioner is engaging in dilatory conduct. From the foregoing, it appears that good cause existed for Petitioner's failure to exhaust all claims prior to filing the instant petition, that Petitioner is proceeding in good faith, that no prejudice would inure to the parties by granting the requested stay, and that an outright dismissal of the instant "mixed" petition might well jeopardize Petitioner's access to this Court because of AEDPA's one-year statute of limitations.

Therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies as to the claims referred to above.

**However, the Court will not indefinitely hold the petition in abeyance**. See Taylor, 134 F.3d at 988 n. 11. No later than **thirty (30) days** after the date of service of this Order, Petitioner must (1) initiate habeas corpus proceedings in state court to exhaust the claims referred to in Petitioner's motion for stay, and (2) inform the Court of the status of the habeas proceedings in state court, including the date or dates of all habeas corpus cases filed in state court, the case numbers, and any outcomes.[2]

Further, Petitioner must proceed diligently to pursue his state court remedies, and every **sixty (60) days** after the filing of the initial status report, Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed **thirty (30) days** within which to notify the Court that all of his claims are exhausted and to provide the Court with documentation to that effect, including a copy of the California Supreme Court decision regarding his state habeas claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

---

[2] The filing should be entitled "Status Report."

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 3), is **GRANTED**;

2. Proceedings on the instant petition are **STAYED** pending exhaustion of Petitioner's state remedies;

3. Petitioner is **ORDERED** to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, the issues raised, and any outcomes;

4. Petitioner is **ORDERED** to file a new status report every sixty (60) days after the filing of the initial status report;

5. Petitioner is **GRANTED** thirty (30) days following the final order of the state courts within which to notify the Court that all of his claims are fully exhausted and to provide the Court with documentation to substantiate that all of his claims are exhausted;

6. The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE the case. The Court will notify the Clerk of the Court to administratively re-open the case when and if the stay is lifted.

IT IS SO ORDERED.

Dated:   **September 30, 2011**                                **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE