UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS WHITAKER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN VIRGA,<br><br>　　　　Respondent. | Case No.: 1:11-cv-01252-LJO-JLT<br><br>ORDER REQUIRING PETITIONER TO FILE A FIRST AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DISREGARDING PETITIONER'S MOTION TO FILE ADDITIONAL CLAIMS (Doc. 20) AND MOTION FOR ORDER (Doc. 21)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER A FORM FOR FILING A HABEAS CORPUS PETITION PURSUANT TO § 2254<br><br>ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY RE-OPEN CASE |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

　　　　Petitioner filed his petition on July 29, 2011.  (Doc. 1).  Because only two of the four grounds for relief in the original petition were exhausted in state court, Petitioner filed a motion to stay

proceedings while he exhausted the unexhausted claims. (Doc. 3). On September 30, 2011, the Court granted Petitioner's motion, stayed the proceedings pending exhaustion, and directed the Clerk of the Court to administratively close the case. (Doc. 9). That order required that Petitioner file regular status reports every sixty days to inform the Court of the status of Petitioner's exhaustion efforts. It also required that, when Petitioner's claims were finally exhausted, he must notify the Court within thirty days and either withdraw the unexhausted claims or advise the Court that the unexhausted claims had been exhausted.

After the Court determined that, in case no. S198114, the California Supreme Court had denied Petitioner's habeas corpus petition on July 18, 2012, the Court, on September 7, 2012, ordered Petitioner to file a response indicating the status of his case. (Doc. 18). On September 13, 2012, Petitioner responded with two separate motions. The first motion was captioned a motion requesting to file additional claims, in which Petitioner appears to list two additional claims he wishes to present for habeas review. (Doc. 20). The second motion is for an order requiring Petitioner to file a response. (Doc. 21). The Court is unable to fathom the purpose behind the latter motion or the relief Petitioner is requesting. Based on the discussion below, the Court will disregard both.

However, several points are clear at this stage of the proceedings. First, the original petition still contains two claims that appear to be unexhausted. As such, as mentioned previously, the petition is a mixed petition and cannot proceed. Either Petitioner must file an amended petition containing *only exhausted claims* or he must file a motion seeking *to withdraw the two unexhausted claims* from the original petition. If Petitioner choses the first option, he will resolve both the problem of the mixed petition and his desire to present additional exhausted claims to this Court. If he chooses the second option, he will not only have to withdraw the unexhausted claims but he will also have to file a motion to amend the original petition to include the newly exhausted claims.

Petitioner is advised that this is a federal civil proceeding with formal rules of pleading and procedure. The Court cannot and will not simply cobble together a petition on Petitioner's behalf based on scraps of claims contained in the original petition and scraps of claims contained in other Court filings. **It is Petitioner's responsibility, not that of this Court, to properly plead his claims in a cognizable form**. As such, it is Petitioner's choice how to proceed. The Court will grant

Petitioner thirty days within which to either file an amended petition **containing only exhausted claims** or else to file motions to withdraw the unexhausted claims and to amend the original petition with newly exhausted claims, if any. Petitioner's failure to follow one of these two avenues will result in a recommendation that the original petition be dismissed as a mixed petition.

## ORDER

Accordingly, it is **HEREBY ORDERED** as follows:

1. Petitioner is **ORDERED** to file, within thirty days of the date of service of this order, a first amended petition containing only exhausted claims or else file a motion to withdraw the unexhausted claims in the original petition. If Petitioner chooses to file an amended petition, the amended petition should be clearly and boldly titled "FIRST AMENDED PETITION," it must contain the appropriate case number, and it must be an original signed under penalty of perjury. The FIRST AMENDED PETITION must raise only claims that have been fully exhausted in state court by presenting those claims to the California Supreme Court, and they must allege violations of federal constitutional law. Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 220.

2. Petitioner's motion to file additional claims (Doc. 20), and motion for order requiring Petitioner to file a response (Doc. 21), are **DISREGARDED**.

3. The Clerk of the Court is **DIRECTED** to send Petitioner a form for filing a § 2254 habeas petition.

4. The Clerk of the Court is **DIRECTED** to administratively re-open the case for further proceedings.

///
///
///
///

Petitioner's failure to comply with the Court's order may result in a Recommendation that the petition be dismissed.

IT IS SO ORDERED.

Dated: **October 16, 2012**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE