UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS WHITAKER,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN VIRGA,<br><br>        Respondent. | Case No.: 1:11-cv-01252-LJO-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR PERFORMANCE OF DNA DISCOVERY (Doc. 16) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner filed his original petition on July 27, 2011, alleging four claims, two of which the Court determined to be unexhausted. (Doc. 1). Along with his petition, Petitioner requested a stay of proceedings to exhaust the unexhausted claims. (Doc. 3). On September 30, 2011, the Court granted the stay. (Doc. 9). On April 27, 2012, Petitioner filed the instant motion requesting that previously collected DNA evidence be tested by Respondent in order to further support Petitioner's unexhausted claims of ineffective assistance of counsel in the California state courts. (Doc. 16). Petitioner

1

1  subsequently exhausted his unexhausted claims and, on October 17, 2012, filed the first amended
2  petition.  (Doc. 23).

   To the extent that Petitioner required such an order of performance of DNA testing in order to support his claims in the state courts, the issue is moot because the state courts have already rejected Petitioner's claims.  Moreover, state court was the appropriate forum in which to raise issues related to the state court's adjudication of Petitioner claims.

   To the extent that Petitioner claims to require such testing to support his contentions in these proceedings, the request--essentially one for discovery--is premature.  The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See*, *e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting).  A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery.  Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Instead, modern habeas corpus procedure has the same function as an ordinary appeal.  Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)).  Indeed, the United States Supreme Court recently reaffirmed that, under AEDPA review, "evidence introduced in federal court has *no bearing* on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) on the record that was before that state court." Cullen v. Pinholster, ___U.S. ___,  131 S.Ct. 1388, 1400 (2011)(emphasis supplied); see 28 U.S.C. § 2254(d)(1)(setting forth the applicable standard for federal habeas review as whether the state court adjudication was "contrary to" or an "unreasonable application" of "clearly established federal law").

   As a result, a habeas petitioner does not have the right to inquire into all matters which are relevant to the subject matter involved in the pending action, whether admissible at trial or not.  Harris, 394 U.S. at 297.  "Such a broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding." Id.  Elaborate discovery procedures would cause substantial

delay to prisoners and place a heavy burden upon courts, prison officials, prosecutors, and police. Id. Although discovery is available pursuant to Rule 6, it is *only* granted at the Court's discretion, *and upon a showing of good cause*. Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions. Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at 295, 89 S.Ct. at 1089). Here, the Court has only recently ordered Respondent to file a response to the first amended petition. The case is still in the pleading stage and it is not clear at this juncture whether the case will proceed to a decision on the merits.

Accordingly, the Court will deny Petitioner's motion without prejudice at this time as premature. Should it appear at some further point in the proceedings that such a motion would be proper, the Court will permit Petitioner to re-raise the issue.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED that Petitioner's motion for performance of DNA testing (Doc. 16), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **November 27, 2012**        **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE