UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS WHITAKER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN VIRGA,<br><br>　　　　Respondent. | Case No.: 1:11-cv-01252-LJO-JLT<br><br>ORDER WITHDRAWING ORDER DIRECTING RESPONDENT TO FILE A RESPONSE TO THE FIRST AMENDED PETITION (Doc. 25)<br><br>ORDER DISREGARDING RESPONDENT'S MOTION TO DISMISS THE FIRST AMENDED PETITION AS PREMATURE (Doc. 33)<br><br>ORDER REQUIRING PETITIONER TO FILE MOTION TO WITHDRAW ANY UNEXHAUSTED CLAIMS IN THE ORIGINAL PETITION (Doc. 1)<br><br>THIRTY DAY DEADLINE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner filed his petition on July 25, 2011.[1]  (Doc. 1).  Because only two of the four grounds for relief in the original petition were exhausted in state court, Petitioner filed a motion to stay the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might

1

proceedings while he exhausted the unexhausted claims in state court. (Doc. 3). On September 30, 2011, the Court granted Petitioner's motion, stayed the proceedings pending exhaustion, and directed the Clerk of the Court to administratively close the case. (Doc. 9). That order required that Petitioner file regular status reports every sixty days to inform the Court of the status of Petitioner's exhaustion efforts. It also required, when Petitioner's claims were finally exhausted, that he notify the Court within thirty days and either withdraw the unexhausted claims or advise the Court that the unexhausted claims had been exhausted.

On September 7, 2012, after the Court became aware that, in case no. S198114, the California Supreme Court had denied Petitioner's habeas corpus petition, the Court ordered Petitioner to file a response indicating the status of his exhaustion efforts. (Doc. 18). On September 13, 2012, Petitioner responded with two separate motions. The first motion, which was captioned a motion requesting to file additional claims, appeared to list two additional claims that Petitioner wished to present for habeas review. (Doc. 20). The motion included a form petition that listed two claims, i.e., ineffective assistance of appellate and trial counsel. (Id.). The second motion was captioned as an order requiring Petitioner to file a response, and contained a request that he be allowed to continue to exhaust his claims in state court. (Doc. 21). Unable to fathom the meaning or purpose behind the latter motion, the Court, on October 17, 2012, disregarded the latter motion and, because it appeared that Petitioner had completed the exhaustion process, ordered that Petitioner file a first amended petition that omitted any unexhausted claims in the original petition and contained only exhausted claims, whether previously or newly exhausted. (Doc. 22). On November 9, 2012, Petitioner filed his first amended petition, containing none of the claims in the original petition and including only new claims that had never been presented before. (Doc. 23).

---

be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the Proof of Service on the original petition on July 25, 2011. (Doc. 1, p. 7).

On November 17, 2012, the Court ordered Respondent to file a response to the first amended petition. (Doc. 25). After several extensions of time, Respondent filed the instant motion to dismiss on March 26, 2013, contending that the new claims in the first amended petition are untimely, and, hence, that the first amended petition should be dismissed. (Doc. 33). On July 31, 2013, Petitioner filed his opposition to the motion to dismiss, arguing that the problems identified by the Court were the result of a misunderstanding, that he had observed all proper procedures in exhausting his claims, and that he never intended to initiate a "second" or "amended" petition, but that he was only attempting to add the newly-exhausted claims to those already contained in the original petition. (Doc. 41). On August 6, 2013, Respondent filed a reply to Petitioner's opposition, essentially reiterating the arguments raised in the motion to dismiss. (Doc. 41).

For the reasons set forth below, the Court agrees with Respondent's analysis that the new claims in the first amended petition are untimely; however, the Court will consider the previously denominated "first amended petition" to be a motion to file a supplemental pleading under Fed. R. Civ. P. 15(d). Because neither a supplemental pleading nor an amendment is appropriate where the claims that form the basis of the supplementation or amendment are time-barred, the Court will deny leave to either supplement or amend with the newly exhausted claims, thus leaving the original petition as the operative pleading. Since the original petition is a mixed petition, Petitioner will be given thirty days within which to move to withdraw or dismiss the unexhausted claims before being allowed to proceed on the two exhausted claims. For the reasons discussed below, the Court believes that this is the only result that is consistent with both the law and the ends of justice.

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the first amended petition on the basis that the claims contained therein were filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

3

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.   Limitation Period For Filing Habeas Claims

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on July 25, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

> the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on November 21, 2008. (Doc. 1, p. 1). Petitioner filed an appeal in the state courts, culminating in the filing of a petition for review that was denied by the California Supreme Court on August 18, 2010. (Doc. 34, Lodged Documents ("LD") 7). Thus, direct review would have concluded on November 16, 2010, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir. 1998). Petitioner would then have one year from the following day, November 17, 2010, or until November 16, 2011, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned, the original petition was filed on July 25, 2011, which is within the one-year period; hence, the claims raised in the original petition are timely.

However, as will be discussed more fully below, the issue now under consideration is the timeliness of the claims in the first amended petition, not those raised in the original petition. To answer this question, the way the AEDPA views amendments must be clearly understood.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v.

Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents provided by Respondent establish that Petitioner filed only one state habeas petitions: (1) petition filed in the California Supreme Court on November 15, 2011 and denied on July 18, 2012. (LD 9). When Petitioner filed that petition on November 15, 2011, 363 days of the one-year period had expired since its commencement on November 17, 2010. Assuming, for argument's sake, that the petition was "properly filed" within the meaning of the AEDPA, two days remained on Petitioner's one-year limitation period at that point. When the state petition was denied by the California Supreme Court on July 18, 2012, the limitation period re-commenced the following day, i.e., July 19, 2012, and expired two days later on July 21, 2012.[2] Petitioner signed the first

---

[2] The one-year period would normally have expired on July 21, 2012. However, since July 21 and July 22, 2012 were, respectively, a Saturday and Sunday, the one-year period expired on Monday, July 23, 2012.

1 amended petition on November 6, 2012; thus, under the "mailbox rule," the amended petition was
2 deemed filed on that date. However, November 6, 2012 was three and one-half months after the one-
3 year period had expired. As will be discussed below, unless certain specific conditions exist where the
4 amended claims "relate back" to the original claims, the amended claims are barred under the AEDPA
5 as untimely.

      D.   Relation Back.

7 While sufficient statutory tolling exists to make the original petition timely under the AEDPA,
8 that is not true for the claims in the first amended petition. Since the limitation period is not tolled for
9 the time a federal habeas corpus application is pending in federal court, Duncan v. Walker, 533 U.S.
10 167, 181-182 (2001); see Fail v. Hubbard, 272 F.3d 1133, 1135-1136 (9th Cir.2001), it is patent that,
11 regardless of the amount of statutory tolling to which Petitioner may be entitled prior to filing his
12 original petition, the limitation period expired on July 21, 2012, well before Petitioner filed the claims
13 in the first amended petition. Thus, the central question is whether the claims in the first amended
14 petition "relate back" to those claims in the original petition, thus avoiding the harsh consequences of
15 AEDPA's statute of limitation. In the Court's opinion, they clearly do not.

16 Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading
17 relates back to the date of the original pleading when "the claim or defense asserted in the amended
18 pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the
19 original pleading." The rule applies in habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 650
20 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000). In Mayle, the United States Supreme
21 Court held that relation back is in order if the claim to be amended into the petition is tied to the
22 original timely petition by "a common core of operative facts." Mayle, 545 U.S. at 664. Conversely,
23 the claim does not relate back when it asserts a new ground for relief supported by facts that differ in
24 both "time and type" from those the original pleading set forth. Id. at 650. The Mayle court expressly
25 rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from
26 the same judgment and conviction. Id. at 656-657. Thus, relation back is "ordinarily allowed 'when
27 the new claim is based on the same facts as the original pleading and only changes the legal theory.'"
28 Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001), quoting 3 J. Moore, et al., Moore's

Federal Practice § 15.19[2], pp. 15-82 (3d ed. 2004).

Obviously, therefore, when a petitioner seeks a stay of proceedings to exhaust unexhausted claims *already contained* in a timely federal petition, the relation back doctrine will not create a statute of limitation problem for the petitioner since the exhausted claim are the very same claims that have already been raised in the existing petition. However, where, as here, a petitioner appears to seeks to exhaust *completely new claims* and then amend those new claims into an existing federal petition, unless the new claims relate back to the claims already contained in the existing federal petition, the relation back doctrine may well preclude those claims as being untimely if more than one year has elapsed between the commencement of the limitation period and the point at which the petitioner amends his federal petition to include the newly-exhausted claims.

Here, from a simple comparison of the claims in the original petition and the claims which Petitioner now seeks to exhaust, it is obvious that the claims Petitioner seeks to exhaust are new claims that do not arise from the same "operative facts" as those in the existing petition and differ from them in both time and type. None of the claims in the original petition related to the conduct of counsel at trial or on appeal. The two claims in the first amended petition are directed only to ineffective assistance of trial and appellate counsel. Thus, the new claims Petitioner seeks to exhaust do not "relate back" to the original claims and, since, as mentioned, the one-year limitation period has already expired, the new claims would be time-barred under the AEDPA.

E.   Supplementation Versus Amendment.

The foregoing analysis would, in most cases, be entirely sufficient to merit dismissal of the first amended petition and to resolve all of the outstanding issues in this case. However, two points justify further consideration of these issues. First, Petitioner has consistently maintained that he never intended to file a second, i.e., first amended, petition that supplanted the claims in the original petition, but rather, that he only intended to augment or supplement the claims in the original petition with those in the first amended petition. Second, the result discussed above, i.e., dismissal of the first amended petition as time-barred, constitutes a significant hardship for Petitioner and would seem to be an especially harsh result in light of the fact that Petitioner is serving a life sentence without the possibility of parole, thus making this habeas proceeding, for all intents and purposes, the only legal avenue of

judicial review remaining open to him.

In this regard, the Court is keenly aware that, under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. Rule 8(e). Moreover, Rule 15(d) expressly contemplates that the district court may permit a party to file a supplemental pleading that incorporates circumstances and events that transpired after the filing of the original petition:

> "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

Fed. R. Civ. P. Rule 15(d). The subsection is intended to give district courts broad discretion in allowing supplemental pleadings. Fed. R. Civ. P. 15, Advisory Committee's note.

From Petitioner's repeated and consistent allegations, the Court has little doubt that he intended only to supplement the original petition with the claims contained in the first amended petition. Nothing in the record suggests Petitioner ever intended to abandon the claims in the original petition. Supplementation under Rule 15 is generally justified for circumstances and events arising *after* the filing of the original pleading, or even for new claims, so long as those new claims are based upon conduct that occurred *after* the original petition was filed. Eid v. Alaska Airlines, Inc. 621 F.3d 858, 874 (2010). Such would not be the case here, however, since the "new" claims relate to conduct that occurred during trial and direct appeal, i.e., ineffective assistance of trial and appellate counsel. Put another way, while the fact of having exhausted the new claims occurred after the original petition was filed, the conduct on which those new claims are based did not. Thus, the supplementation request, if understood as such at the time it was filed, would have been denied by the Court because it failed the basic test for supplementation, and the operative pleading would have remained the original mixed petition.

The result should not have been different had the first amended petition been understood as an amended pleading. Had the Court been aware that all of the claims in the first amended petition were time-barred and did not "relate back" to the claims in the original petition, the Court would have denied the motion to amend because, under Rule 15(a) and (c)(2), any amendment would have been futile. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Under that scenario, the operative pleading would,

9

again, have been the original mixed petition.  To construe the pleadings and motions presently on file with the Court in this case as constituting an amended petition that contains only time-barred claims while also superseding any fully exhausted and non-time-barred claims in the original petition, does not further the interests of justice and is an unjustifiably harsh result considering Petitioner's lack of legal training, the sentence he is serving, and the paucity of legal options that remain available to him.  Moreover, the Court has seen no bad faith or lack of due diligence on Petitioner's part.  To the contrary, after carefully reviewing the chronology of events and the documents on file, it seems obvious that, as Petitioner noted, the case's present posture is the result of nothing more than a misunderstanding.  Fortunately, it is a misunderstanding that the Court can rectify.

Accordingly, the Court will exercise its discretion to construe the "first amended petition" as an attempt by Petitioner to supplement the claims in the original petition with time-barred claims.  The Court **DENIES** Petitioner's request to supplement or amend the original petition with time-barred claims; thus, leaving the original petition, once again, as the operative pleading in these proceedings.  Since that petition is a mixed petition, containing both exhausted and unexhausted claims, Petitioner will be given thirty days within which to either move to withdraw the unexhausted claims and proceed on the exhausted claims or risk having the petition dismissed as mixed.  In light of the foregoing discussion, the Court's November 27, 2012 order to Respondent to file a response to the first amended petition was premature; therefore, the Court will vacate that order and disregard Respondent's motion to dismiss.  When Petitioner responds to this order, the Court will determine whether issuance of a new briefing schedule, based on the original petition, is warranted.

ORDER

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. The Court's November 27, 2012 order for Respondent to file a response to the first amended petition (Doc. 25), is WITHDRAWN;
2. Respondent's motion to dismiss the first amended petition (Doc. 33), is DISREGARDED;
3. Petitioner is ordered to file a motion to withdraw any unexhausted claims in the original petition within thirty days of the date of service of this Order.

Petitioner is advised that his failure to comply with this Order may result in an order or recommendation of dismissal of the original petition as a mixed petition.

IT IS SO ORDERED.

Dated: __**August 15, 2013**__            __/s/ Jennifer L. Thurston__
                                                                            UNITED STATES MAGISTRATE JUDGE